FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 02 2020

JAMES W. McCORMACK, CLERK
By:_____
                                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAREK HILLYER**                                                                     **PLAINTIFF**

vs.                                                  No. 4:20-cv-__3__- BRW

**ROMINE TRANSPORTATION, LLC,**                                    **DEFENDANTS**
**and MARCUS ROMINE**

This case assigned to District Judge __Wilson__
and to Magistrate Judge __Harris__

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Tarek Hillyer, by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Romine Transportation, LLC, and Marcus Romine (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

**I.**
**JURISDICTION AND VENUE**

1. Plaintiff brings this action for breach of contract, unjust enrichment, conversion, and unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fee.

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims for breach of contract, unjust enrichment, and conversion form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within and without the State of Arkansas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7. Plaintiff was employed by Defendants as a truck driver, performing services for Defendants in the Central Division of the Eastern District of Arkansas.

8. The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.
## THE PARTIES

9. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

10. At all times relevant to the allegations in this Complaint, Plaintiff was an employee of Defendants, performing job-related services in Arkansas and the surrounding states.

11. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

12. Separate Defendant Romine Transportation, LLC ("Romine Transportation"), is a limited liability company in Alabama.

13. Romine Transportation is a trucking company which contracts with shipping companies to transport general freight.

14. Romine Transportation's registered agent for service of process is Marcus Romine, at 2207 McDaniel Avenue, Anniston, Alabama 36201.

15. Romine Transportation employs at least one driver in Arkansas and conducts business using the roads and highways of the State of Arkansas.

16. Separate Defendant Marcus Romine ("Romine") is an individual and domiciliary of Alabama.

17. Romine is the owner, principal, officer and/or director of Romine Transportation.

18. Romine manages and controls the day-to-day operations of Romine Transportation, including but not limited to setting the pay policies that affected Plaintiff.

19. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

20. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

21. Plaintiff personally engaged in interstate commerce by transporting goods or materials across state lines.

22. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), at all times relevant to this lawsuit.

### III.
### FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

24. At all times relevant hereto, Defendants were Plaintiff's employer.

25. Plaintiff worked for Defendants as a truck driver from January of 2019 until November of 2019

26. Defendants' business came primarily from contracting with shipment broker C.H. Robinson.

27. Defendants hired Plaintiff to deliver general freight pursuant to their contract with C.H. Robinson.

28. Defendants set Plaintiff's rate of pay, and fully controlled Plaintiff's work schedule and the manner in which Plaintiff performed his job duties.

29. In January of 2019, Plaintiff and Defendants agreed that Plaintiff would be paid per load, and that Plaintiff would earn a percentage of what Defendants were paid by C.H. Robinson for each load Plaintiff transported.

30. Plaintiff transported multiple loads per week from January of 2019 until November of 2019.

31. Defendants did not perform under the agreement. In fact, Plaintiff was never paid for any load which he transported.

32. Upon information and belief, C.H. Robinson paid Defendants pursuant to their separate agreement, but Defendants refused to provide Plaintiff with the relevant payment data, so Plaintiff was never even aware of how much he was owed.

33. Defendants benefitted from Plaintiff's employment, but failed to pay him any remuneration.

34. Plaintiff's job duties for Defendant required him to work at least forty hours each week, and frequently as much as sixty hours per week, or more.

35. Defendant did not pay Plaintiff a proper minimum wage for all hours worked.

36. Defendant knew or should have known that Plaintiff was entitled to minimum wage under the FLSA, yet Defendant failed and refused to compensate Plaintiff for his work as required by the FLSA.

37. At all times relevant hereto, Defendant was aware of the requirements of the FLSA.

38. In January of 2019, Plaintiff offered to drive a truck owned by him personally in order to replace one which was wrecked by Mr. Romine.

39. Defendants required that Plaintiff transfer the title of the truck to Defendants in order to get it properly licensed and insured.

40. Defendants did not provide Plaintiff any consideration for the truck.

41. All parties agreed before the transfer that Defendants would transfer the title back to Plaintiff once Plaintiff no longer worked for Defendants.

42. In November of 2019, Plaintiff ended his employment with Defendants.

43. Defendants have refused to transfer the title of the truck back over to Plaintiff, despite numerous requests from Plaintiff to do so.

## IV.
## FIRST CAUSE OF ACTION
### (Breach of Contract)

44. Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

45. The elements of a contract are offer, acceptance, consideration, and mutuality of obligation. If a contract is formed and one party breaches, the breaching party is liable to the non-breaching party for damages.

46. Defendants and Plaintiff formed a contract regarding Plaintiff's rate of pay.

47. Defendants breached the contract by failing to pay Plaintiff for the loads Plaintiff transported.

48. Therefore, Defendants are liable to Plaintiff for damages for all wages owed under the contract.

## V.
## SECOND CAUSE OF ACTION
### (Unjust Enrichment—In the Alternative)

49. Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

50. Arkansas law prohibits the unjust enrichment of one party at the expense of another "that, in equity and good conscience, he or she ought not to retain." Hatchell v. Wren, 363 Ark. 107, 117, 211 S.W.3d 516, 522 (2005).

51. Plaintiff performed work for Defendants for which he was not paid, but Defendants benefited from such work.

52. It would be inequitable for Defendants to benefit from Plaintiff's work and completely fail to pay Plaintiff for such work.

53. Therefore, Defendants are liable to Plaintiff for the reasonable value of the work performed.

## VI.
## THIRD CAUSE OF ACTION
### (Violation of the FLSA—In the Alternative)

54. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

56. At all relevant times, Defendants have been, and continue to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

57.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58.     29 U.S.C. § 206 requires any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

59.     Plaintiff did not qualify for any exemption to the minimum wage requirements of the FLSA.

60.     Despite Plaintiff's entitlement to minimum wages under the FLSA, Defendants failed to pay Plaintiff a proper minimum wage for all hours worked.

61.     Defendants' failure to pay Plaintiff minimum wages was willful.

62.     At all times relevant hereto, Defendants had knowledge of the minimum wage requirements of the FLSA and of Plaintiff's entitlement thereto, yet Defendants failed to comply with the same.

63.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII.
### FOURTH CAUSE OF ACTION
### (Conversion)

64.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

65.     "To establish a conversion claim, a plaintiff must show either (1) a tortious taking, (2) a use or appropriation by the defendant indicating a claim of right in opposition to the rights of the owner, or (3) a defendant's refusal to give up possession to an owner upon demand, even though the defendant's original possession of the property was proper." *Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC*, 780 F. Supp. 2d 916, 921 (E.D. Mo. 2011).

66.     Although Defendants initially had Plaintiff's permission to retain Plaintiff's title of Plaintiff's truck, possession of the title is no longer proper.

67.     Defendants are liable to Plaintiff for the unlawful possession of Plaintiff's property.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tarek Hillyer respectfully prays as follows:

A.    That each Defendant be summoned to appear and answer this Complaint;

B.    For an order of this Honorable Court entering judgment in favor of Plaintiff and the proposed class members against Defendant for their actual economic damages in an amount to be determined at trial;

C.    For liquidated damages as provided for under the FLSA;

D.    For attorneys' fees, costs, and pre-judgment interest; and

E.    For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**PLAINTIFF TAREK HILLYER**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com